IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01582-PSF-MEH

SIMPSON HOUSING LLLP, a Delaware limited liability limited partnership;
SHLP HOLDINGS LLLP, f/k/a Simpson Housing Limited Partnership, L.L.L.P.,
  f/k/a Simpson Housing Limited Partnership, a Colorado limited liability limited
  partnership;
MOCKINGBIRD STATION PARTNERS, L.P., a Texas limited partnership; and
SIMPSON TEXAS FINANCING LIMITED PARTNERSHIP, a Texas limited partnership,

    Plaintiffs,

v.

UNDERWRITERS AT LLOYD'S, LONDON, Syndicate No. 623,
  a Colorado approved non-admitted insurere; and
BEAZLEY FURLONGE, LTD, an underwriter at Lloyd's London,

    Defendants.

## STIPULATED PROTECTIVE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

Upon motion of all parties for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court hereby finds that:

1.    This case involves, among other issues, an insurance coverage dispute arising out of a class action lawsuit filed against Plaintiffs by individuals alleging Americans with Disability Act violations in the construction and design of a multi-use commercial and residential building in Dallas, Texas.  Plaintiffs are seeking coverage under an insurance policy for losses incurred in defending and resolving that case, and have also asserted claims against Defendants for bad faith.  Defendants have asserted counterclaims for indemnification and have filed a declaratory relief action, more particularly set forth in Defendants' Answer and Counterclaim.

2. Because of the make-up of the parties and the nature of the claims, it is likely that this case will involve disclosure of and discovery into confidential business and commercial information. In particular, proprietary information and documents regarding the following may by requested or produced in this case:

    a. Defendants' underwriting rules and practices;

    b. Information concerning Defendants' risk evaluation criteria and rating of risks, or the financial performance of particular lines of insurance;

    c. The structure of commercial relationships between Defendants and brokers or agents, compensation paid, and other financial arrangements;

    d. Claim handling policies, reserves and reserve setting practices, and evaluation of claims by line of business;

    e. Partnership and other agreements, as well as financial information pertaining to the project; and

    f. Plaintiffs' proprietary business information, including, but not limited to, accounting and attorney billing information, trade secret information, and strategic planning documentation.

3. The Court finds that information of the type listed[1] is typically treated as trade secrets, and kept confidential by insurers, corporate entities, and individuals. The Court further finds that disclosure of such information beyond the parties to this case would potentially harm the parties' property interest in that information. Unrestricted disclosure of such information could enable

---

[1] The Court does not intend by this listing to find that the items listed are relevant to this case, or that they are discoverable. The Court intends only to illustrate the type of information which, by the nature of the case, is likely to be at issue, and which the Court believes should be protected by a Protective Order.

competitors to gain commercial advantage by, for example, allowing them to undercut Defendants in the pricing of particular risks or to appropriate project development information, and could affect Plaintiffs' position with respect to related litigation which is currently pending. The Court also finds that the parties could, by voluntarily allowing disclosure of this type of information, risk losing "trade secret" protection under federal and state laws.

4.   The Court finds that the potential for such genuine economic harm to the parties from disclosure of the type of information covered by this Order, along with the absence of any obvious non-commercial reason why such information should be made available to the general public, constitutes good cause for entry of this Order.

5.   Based upon the foregoing, good cause exists for entry of a protective order under Fed. R. Civ. P. 26(c).

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

1.   This Stipulated Protective Order governs the use of all produced documents, responses to interrogatories, and request for admissions, deposition transcripts, and any other information, documents, objects or things which have been or will be produced or received by any party or non-party during pretrial and trial proceedings in this action, pursuant to the Federal Rules of Civil Procedure, as well as any and all copies, digests, summaries and by-products thereof.

2.   The above-captioned litigation will involve the production of documents and other discovery materials by parties and non-parties. Some of the documents and other discovery materials are confidential or privileged within the meaning of Rule 26 of the Federal Rules of Civil Procedure.

3.   The parties agree this Stipulated Protective Order ("Order") is appropriate and advisable, and are requesting the Court to approve the Order to prohibit certain confidential material and information from disclosure beyond that which is necessary for the purposes of this litigation.

4. Pursuant to Fed. R. Civ. P. 26(c)(7), if, during the course of this litigation, any party or non-party undertakes to produce or is caused to disclose what they in good faith believe embodies Confidential Information, the procedures set forth below shall be employed and the disclosure thereof shall be subject to this Order. The parties shall maintain and periodically update a "Confidentiality Log" which shall consist of a list of all documents, tangible objects, or other material designated as Confidential Information in the course of this litigation, such Confidential Information to be identified in the Confidentiality Log by the Bates numbers assigned to that material for purposes of this litigation, or by interrogatory, request for production, or request for admission number. A party will provide a copy of the Confidentiality Log to the other party upon request and reasonable notice.

5. For purposes of this Order, the term "Confidential Information" shall mean any information, or the contents of any document (including copies, transcripts, videos, and computer stored information), (a) which the designating party contends and in good faith believes is a trade secret or other confidential or proprietary research, development, trading, customer or commercial information, financial information, or information subject to a legally protected right of privacy under Rule 26(c)(7) of the Federal Rules of Civil Procedure, and (b) which counsel for the designating party designates as "CONFIDENTIAL" upon a good faith belief that there is good cause under applicable law for such a designation, or, at the same time the Confidential Information being disclosed identifies the Confidential Information by specific Bates range, interrogatory, request for production or request for admission number.

6. Counsel for any party or non-party to this litigation shall designate documents or information as Confidential Information prior to actual production of the documents or information (but may do so after inspection of the same) by placing the notation "CONFIDENTIAL" on every page of each document so designated or, in the case of Confidential Information disclosed in a non-

4

paper medium (*e.g.* video tape, audio tape, computer disks, etc.), the notation "CONFIDENTIAL" shall be affixed to the outside of the medium or its container. Inadvertent failure to designate a document as protected may be corrected by supplemental written notice given as soon as practicable.

7. Counsel for any party to this litigation can designate as "CONFIDENTIAL" any documents or information already produced in this litigation before entry of this Order within twenty (20) days after the Court enters this Order by notifying the other parties of that designation and clearly identifying the information or documents that are to be designated as "CONFIDENTIAL." Similarly, any documents or information already produced in this litigation before entry of this Order and designated as "CONFIDENTIAL" prior to the entry of this Order shall be treated as Confidential Information pursuant to the terms of this Order upon the entry of this Order.

8. If Confidential Information is inadvertently disclosed before it has been designated as "CONFIDENTIAL," the party supplying such Confidential Information may, within a reasonable time after the inadvertent disclosure, designate the Confidential Information as "CONFIDENTIAL" and subject to the provisions of this Order from the point the information is designated as Confidential Information.

9. Any party objecting to the designation of any information as Confidential Information shall clearly state the basis for the objection in a letter to counsel for the party making the designation, and such letter must be received by counsel for the party making the designation no later than twenty (20) days after the objecting party received the Confidential Information to which it objects. If the parties are unable to resolve the objection, any party may move the Court to do so. Until an objection to the designation of information has been resolved by agreement of counsel or by order of the Court, the information shall be assumed to be properly designated, and shall be subject to the terms of this Protective Order. The party making the designation in question shall bear the burden of justifying

that designation in any motion before the Court to modify or strike the designation. If the Court grants the requesting party's motion in whole or in part, such ruling shall not take effect until ten (10) business days after it is made. The requesting party shall not make any disclosure while a motion to allow or to bar such disclosure is pending or while any appeal or request for review or reconsideration pertaining to such a motion is pending.

10. Counsel for any party shall have the right to exclude from oral depositions, other than a person who qualifies under paragraph 13 and the deponent and the deponent's counsel, any person who is not authorized by this Order to receive documents or information designated as Confidential Information. Such right of exclusion shall be applicable only during periods of deposition examination or deposition testimony directed to or comprising Confidential Information.

11. If, during the course of any deposition, and not later than twenty (20) days after the receipt of a written transcript of such deposition, the witness, counsel for the witness, or counsel for any of the parties in this action notifies counsel for the parties in writing that the deposition transcript or any portion thereof or any exhibits to the deposition is subject to designation as Confidential Information, such transcript or portion thereof shall be treated as provided by this Order for documents designated as Confidential Information. If a portion of a deposition is identified as Confidential Information, the party shall identify the Confidential Information contained in the testimony by page and line number within thirty (30) days after receiving a copy of the transcript. Documents that are used as exhibits already designated as Confidential Information shall remain confidential. Any deposition that has any portion of the transcript or exhibits designated as Confidential Information shall indicate that it contains Confidential Information. A party which objects to the designation shall have the rights and objections as set forth in paragraph 9. Any deposition transcript shall be deemed to be confidential until at least 30 days after the deponent or

his or her counsel has received a final written deposition transcript. Within such 30 day period, counsel for any party may notify other counsel in writing of a permanent designation (subject to the terms herein) of all or part of the transcript as confidential.

12. When depositions or portions of depositions are designated as Confidential Information counsel shall use such Confidential Information only as provided for in this Order. All persons present at the taking of such depositions when such Confidential Information is involved are enjoined from disclosing to any other person the testimony of the deponent regarding such material, except as permitted herein.

13. When documents or information are designated as "CONFIDENTIAL," copies thereof and the information contained therein may be disclosed only by counsel of record and only to the following persons:

    (a) Parties in this litigation, including their officers, directors, or employees who are assisting in the preparation or actively engaged in connection with or making decisions with respect to the preparation for and trial of this litigation, or in monitoring such activities, former employees, and any representative for an insurer for the parties;

    (b) Corporate (in-house) or outside counsel for the parties, including such counsel's paralegal, secretarial and clerical personnel who are working on this litigation;

    (c) Authors, addressees and recipients of the confidential document or information;

    (d) A witness at a deposition or at trial if there is good faith reason to believe that the witness (or the employer of such witness if upon Rule

30(b)(6) deposition) (1) has previously seen the document or (2) is familiar with the subject matter of the document and likely has knowledge of relevant information regarding the document or information designated as confidential;

(e) Consultants and experts and their staff ("experts") who are directly employed or retained in connection with this action by counsel for the parties for assistance with respect to this action, to the extent that such disclosure is necessary for the preparation of this case for trial or appeal;

(f) The Court in this action or any other court to which any appeal from this litigation may be taken, and any persons employed by the Court;

(g) Any mediator agreed upon by the parties, and such mediator's employees and staff; and

(h) Court reporters, including stenographers and video technicians transcribing proceedings in this action.

14. In addition to the limitations specified in paragraph 13, documents or information designated as "CONFIDENTIAL" may be disclosed to the persons described in Paragraph 13 only to the extent necessary for purposes of this action, and each person described in subparagraph 13(e) shall, prior to such disclosure, first have signed a counterpart of this Order attached hereto as Exhibit A, acknowledging that he or she has read this Order, has agreed to be bound by it and will not disclose confidential documents or information to anyone else except as permitted herein, and will not use such material for any purpose other than trial preparation, trial, or appeal of this action. Each such counterpart of Exhibit A shall be maintained by counsel making the disclosure to such person

and shall be made available to any party requesting access thereto at the conclusion of this action.

15. Disclosure of documents containing Confidential Information or other Confidential Information to an expert or consultant shall not constitute a designation of the person as an expert whose opinions may be presented at trial.

16. If testimony concerning Confidential Information is elicited at a hearing or at trial, counsel for any party may request that a designated portion of the transcript be treated as Confidential Information. Such a request shall be made by notifying all parties in writing within ten (10) days after the date of the receipt of the transcript. If such a request is made, such portion shall be so treated and filed under seal, if it is filed in the record. Unless otherwise designated, all such transcripts shall be treated for a period of ten (10) days after the date of the receipt thereof as Confidential Information.

17. Nothing in this Order shall be construed in any way as a finding by the Court that material designated as Confidential Information is confidential or meets the standards of Fed. R. Civ. P. 26(c)(7). Further, nothing in this Order shall be deemed a waiver of any party's right to object on grounds that information which has been produced or will be produced in this action is neither authentic, admissible nor discoverable.

18. Confidential Information subject to this Order, including all copies, extracts, and summaries thereof and all documents containing information taken therefrom, shall remain in the custody of counsel and shall not be provided to other persons except as necessary to prepare for trial or appeal of this action.

19. All parties agree that any and all documents and/or information containing Confidential Information, or documents designated as "CONFIDENTIAL," shall be filed with the Court only after, or contemporaneously with, the filing of a motion to file the documents under seal in accordance with D.C.Colo.LCivR 7.3. Before using any such protected document in connection with an in-court

presentation, counsel will meet and confer with the party producing the protected material to discuss whether the use of the protected material can be avoided. Any disputes will be resolved by the Court.

20. All documents and information designated as "CONFIDENTIAL" shall be used by the party receiving them solely for the purpose of trial or preparation for trial and appeal of this case, or for any alternative dispute resolution proceeding mutually agreed upon by the parties, or generally in connection with this litigation, and for no other purpose whatsoever. Without limitation, no person receiving Confidential Information shall use such Confidential Information in any other action or proceeding. Material designated as "CONFIDENTIAL" shall not be used for any business, competitive or other purpose, and shall not be disclosed to any person or entity, except as expressly provided herein.

21. The terms of this Order shall in no way affect the right of any person (a) to withhold information on grounds of immunity from discovery such as, for example, attorney/client privilege or work product; or (b) to raise or assert any objections heretofore or hereafter raised or asserted, including, but not limited to, defenses or objections with respect to the use, relevance or admissibility at trial of any evidence, whether or not comprised of information or documents subject hereto. The inadvertent disclosure of any document or information shall not operate as a waiver of any privilege or exemption, including, without limitation, the attorney-client privilege or the work product exemption, if the party or person producing the documents or information requests return of the documents or information within thirty (30) days after discovery of the inadvertent disclosure. A party which has received inadvertently disclosed documents or information subject to a privilege or exemption shall, immediately upon discovery of the same, return or (with respect to any such documents or information which have been altered or incorporated into other documents in a privileged manner) destroy all documents constituting the same or incorporating such information and

shall make no use thereof.

21. Nothing in this Order shall be construed to create rights in any person not a party to this litigation except to the extent such person is a disclosing party hereunder.

22. Upon final termination of this action (including all appeals), any party receiving any non-public information through discovery, including, without limitation, any Confidential Information, shall, within thirty (30) days of such termination, return to the designating party and certify in writing that all such Confidential Information has been returned, or destroy all "CONFIDENTIAL" information obtained through discovery, including, without limitation, any Confidential Information which is in its possession, excepting only attorney-generated memoranda and pleadings which may be retained by counsel to the receiving party and which shall remain subject to all other restrictions of this Order, including the restriction that the Confidential Information be used solely for the purpose of litigating this lawsuit. In either event, the receiving party shall certify the return or destruction of all such information.

23. If information designated "CONFIDENTIAL" in this action is requested in a subpoena or other process by someone who is not a party to this action, the party to whom the subpoena or other process is directed shall immediately give written notice to each person that has designated the information as "CONFIDENTIAL" and shall not produce the documents until the earlier of 15 days after providing notice or the return date of the subpoena or other process.

24. The parties agree that this Order shall be effective from the date on which it is executed by counsel for the parties and shall apply and be enforceable from the date forward with respect to all pre-trial and trial proceedings in this matter, including materials produced at any time after commencement of this case.

25. Nothing in this Order shall prevent a party from any use of its, his, or her own

Confidential Information.

26. The Court retains jurisdiction during and (to the extent necessary to enforce Paragraph 24 hereof) after final disposition of this action to enforce this Order and to make such amendments, modifications, deletions, and additions to this Order as the Court may from time to time deem appropriate or as may be requested by the parties.

27. Any person not a party to this action from whom discovery is sought may obtain the benefits of this Order by signing, or having duly authorized counsel sign, a copy of this Order and giving notice thereof to counsel for the parties. Any documents, deposition testimony and other information produced upon discovery by such person and designated as "CONFIDENTIAL" by such person shall be treated accordingly.

28. This Stipulated Protective Order may be executed in any number of counterparts each of which shall be deemed to be an original and all of which shall constitute one and the same agreement.

29. This Stipulated Protective Order represents the entire stipulation and may be modified only by further order of this Court.

IT IS SO ORDERED.

Dated at Denver, Colorado, this 6th day of March, 2007.

BY THE COURT:

s/ Michael E. Hegarty

United States Magistrate Judge

Approved as to Form:,

s/ James A. Johnson
James A. Johnson
G<small>ODFREY</small> & L<small>APUYADE</small>, P.C.
9557 South Kingston Court
Englewood, Colorado 80112
(303) 228-0700
(303) 228-0701 Fax
johnson@godlap.com

*Attorneys for Plaintiffs*

s/ Juliet Piccone
Juliet Piccone
The Hustead Law Firm
Regency Plaza One
4643 South Ulster Street, Suite 1250
Denver, CO 80237
(303) 721-5000
(303) 721-5001 Fax
JRP@thlf.com

*Attorneys for Defendants/Counterclaimants*

s/ Joan Gilbride
Joan M. Gilbride
Kaufman Borgeest & Ryan LLP
99 Park Avenue
New York, NY 10016
(212) 980-9600
(212) 980-9291 Fax
jgilbride@kbrlaw.com

*Attorneys for Defendants/Counterclaimants*

## EXHIBIT A: CONFIDENTIALITY AGREEMENT

I, _____, hereby acknowledge that:

(a) I have received a copy of the Stipulated Protective Order ("Order") entered in this action by the United States District Court for the District of Colorado;

(b) I have either read the Order and/or have had the terms of the Order explained to me by an attorney;

(c) I understand the terms of the Order and agree to comply with and to be bound by such terms;

(d) I may receive documents or information designated as confidential and understand that such documents and information are provided to me pursuant to the terms and conditions of the Order;

(e) I agree to hold in confidence any documents and information disclosed to me pursuant to the terms of the Order; and

(f) I hereby submit myself to the jurisdiction of the United States District Court for the District of Colorado for resolution of any matters pertaining to the Order.

Signature: _____

Date: _____